IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

THOMAS WAYNE CUNNINGHAM,

      Plaintiff,

v.                                                     No. CV 13-0142 JP/WPL

STATE OF NEW MEXICO,
SECOND JUDICIAL DISTRICT ATTORNEY
(SHANNON MURDOCK MILES),
THE CITY OF ALBUQUERQUE, NEW MEXICO,
ALBUQUERQUE POLICE OFFICER, PETER HACKETT,
DUFF RYAN, CHIEF RAY SCHULTZ,

      Defendants,

                                                     consolidated with

THOMAS W. CUNNINGHAM,

      Plaintiff,

v.                                                     No. CV 13-0314 JP/WPL

STATE OF NEW MEXICO,
SECOND JUDICIAL DISTRICT ATTORNEY
(SHANNON MURDOCK MILES),
THE CITY OF ALBUQUERQUE, NEW MEXICO,
POLICE OFFICERS PETER HACKETT & DUFF RYAN,

      Defendants.

MEMORANDUM OPINION AND ORDER

      This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's complaints in these consolidated cases. Plaintiff filed the complaint in the lead case in this Court; the complaint in the member case was removed to this Court from state court. Also before the Court is Plaintiff's motion for service of process (Doc. 10). Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis.

For reasons set out below, certain of Plaintiff's claims will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaints' allegations are nearly identical to those asserted by Plaintiff in an earlier action. *See Cunningham v. Albuquerque Police Department*, No. CV 07-0411 RB/RHS; *and see Duhart v. Carlson*, 469 F.2d 471, 473 (10th Cir. 1972) (taking judicial notice of court's own records); *Green v. Nottingham*, 90 F.3d 415, 418 (10th Cir. 1996) ("The court may take judicial notice of the prior litigation."). Plaintiff alleges, as he did before, that he was subjected to racial profiling, illegal search and seizure, malicious prosecution, and false imprisonment in a state criminal prosecution. Certain of Plaintiff's claims in the previous action were dismissed without prejudice pursuant to the Supreme Court's ruling in *Heck v. Humphrey*, 512 U.S. 477 (1994). While the earlier case was pending, the New Mexico Court of Appeals reversed the trial court's denial of Plaintiff's motion to suppress in the criminal case. Subsequently, as Plaintiff alleges with supporting documentation, the state trial court set aside his conviction in 2011. He therefore

2

reasserts the claims that were dismissed without prejudice in cause No. CV 07-0411 RB/RHS. The complaints seek damages.

No relief is available on Plaintiff's allegations against Defendant State of New Mexico. "The Eleventh Amendment bars suits in federal court against states, and against state officers in their official capacities for money damages. Moreover, the Supreme Court has held that neither states nor state officers sued in their official capacities are 'persons' within the meaning of 42 U.S.C. § 1983." *Florez v. Johnson*, 63 F. App'x 432, 435 (10th Cir. 2003) (citing *Edelman v. Jordan*, 415 U.S. 651, 663 (1974); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989)). "[T]he Eleventh Amendment bars a suit brought in federal court by the citizens of a state against the state or its agencies and applies ' "whether the relief sought is legal or equitable." ' " *Johns v. Stewart*, 57 F.3d 1544, 1552 (10th Cir. 1995) (internal citations omitted). Plaintiff's claims against Defendant State of New Mexico will be dismissed.

Nor may Plaintiff proceed on his claims against Defendant Assistant District Attorney Miles, who prosecuted the State's case against Plaintiff. In *Imbler v. Pachtman*, 424 U.S. 409 (1976), the Supreme Court held that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Id.* at 431; *and see Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1480 (10th Cir. 1991). Not even Plaintiff's allegations that Defendant Miles "knew or should have known that . . . the [arresting] officers were lying" is sufficient to overcome Defendant's immunity. *See Pierce v. Gilchrist*, 359 F.3d 1279, 1300-01 (10th Cir. 2004) (reversing denial of immunity where prosecutor had allegedly fostered use of false evidence). The Court will dismiss Plaintiff's claims against Defendant Miles.

The lead complaint names Defendant Schultz but contains no allegations affirmatively linking him to the various violations, *see Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir.

1993), and the removed complaint does not name him.  To succeed on a complaint under § 1983, Plaintiff must allege some personal involvement by a defendant in the constitutional violation.  *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996).  A civil rights action against a state official may not be based solely on a theory of respondeat superior liability for the actions of workers supervised by the official.  *See id.*  The Court will dismiss Plaintiff's claims against Defendant Schultz.

In lead case No. CV 13-0142 JP/WPL, Plaintiff filed a motion for service of process (Doc. 10).  According to the state court record filed in member case No. CV 13-0314 JP/WPL, the remaining Defendants Hackett, Ryan, and City of Albuquerque appeared and moved for summary judgment in the state court (Doc. 12-1 p. 20) before the case was removed.  The motion for summary judgment remains pending.  Plaintiff's motion for service will be granted, and the Court will direct that the complaint in lead case No. CV 13-0142 JP/WPL be served on the remaining Defendants.

IT IS THEREFORE ORDERED that Plaintiff's claims against Defendants State of New Mexico, Miles, and Schultz are DISMISSED; and Defendants State of New Mexico, Miles, and Schultz are DISMISSED as parties to this action;

IT IS FURTHER ORDERED that Plaintiff's motion for service of process (Doc. 10) is GRANTED; the clerk is directed to issue notice and waiver of service forms, with copies of the complaint in case No. CV 13-0142 JP/WPL, for Defendants Hackett and Ryan; and the Clerk is directed to issue summons, with a copy of the complaint in case No. CV 13-0142 JP/WPL, for Defendant City of Albuquerque.  The caption of each notice, waiver, and summons that the Clerk issues shall include both case numbers.

_____
UNITED STATES DISTRICT JUDGE