IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

THOMAS WAYNE CUNNINGHAM,

    Plaintiff,

v.                                                                 CV 13-0142 JP/WPL

STATE OF NEW MEXICO,
SECOND JUDICIAL DISTRICT ATTORNEY
(SHANNON MURDOCK MILES),
THE CITY OF ALBUQUERQUE, NEW MEXICO,
ALBUQUERQUE POLICE OFFICER, PETER HACKETT,
DUFF RYAN, CHIEF RAY SCHULTZ,

    Defendants,

                                                               consolidated with

THOMAS WAYNE CUNNINGHAM,

    Plaintiff,

v.                                                                 CV 13-0314 JP/WPL

STATE OF NEW MEXICO,
SECOND JUDICIAL DISTRICT ATTORNEY
(SHANNON MURDOCK MILES),
THE CITY OF ALBUQUERQUE, NEW MEXICO,
POLICE OFFICERS PETER HACKETT & DUFF RYAN,

    Defendants.

**ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND
RECOMMENDED DISPOSITION**

This matter is before the Court on Magistrate Judge William P. Lynch's Proposed Findings and Recommended Disposition ("PFRD") (Doc. 31); the objections thereto filed by Defendants City of Albuquerque, Peter Hackett, and Duff Ryan (Doc. 32); and Thomas

1

Cunningham's response to Defendants' objections (Doc. 33).[1] The PFRD recommended dispositions as to Defendants' motion for summary judgment (13-cv-0314 JP/WPL, Doc. 12-1 at 20-25), Defendants' motion to dismiss Cunningham's state law claims (Doc. 20), and Defendants' motion to dismiss Cunningham's claims under 42 U.S.C. § 1983 (Doc. 23). Having conducted a de novo review, the Court overrules Defendants' objections for the following reasons.

### I. Malicious Abuse of Process Claim Against Shannon Murdock Miles

Defendants first object that Judge Lynch erred in failing to dismiss the claim of malicious abuse of process set forth in Cunningham's removed complaint. (Doc. 32 at 2.) Defendants argue that they only failed to challenge this claim in their motion because Cunningham's removed complaint did not put them on notice that the claim was asserted against them. (*Id.*) The Court agrees with Defendants that the malicious abuse of process claim in Cunningham's removed complaint was addressed solely to Shannon Murdock Miles and does not state a claim against them. (*See* 13-cv-0314 JP/WPL, Doc. 1 Ex. A at 4.) Consequently, this particular malicious abuse of process claim has already been dismissed, along with all other claims against Miles. (Doc. 14 at 3.) Thus, while Defendants are correct regarding the nature and target of that claim, their objection is overruled as moot since this claim is no longer active and does not need to be dismissed a second time.

For the sake of clarity, the Court observes that a second malicious prosecution and malicious abuse of process claim, brought in Cunningham's complaint in the lead case, is addressed to both Miles and Defendants. (*Compare* Doc. 1 at 6, *with* 13-cv-0314 JP/WPL, Doc.

---

[1] Unless otherwise indicated, all citations to the docket refer to documents filed in the lead case, 13-cv-0142 JP/WPL. Further, because the City of Albuquerque, Hackett, and Ryan are the only remaining Defendants in this case, the collective use of the term "Defendants" in this Order refers only to those parties.

1 Ex. A at 4.) Although that claim has been dismissed as to Miles as a result of the Court's May 1, 2013 Memorandum Opinion and Order (*see* Doc. 14 at 3), its applicability to Defendants is not affected by the disposition of the motion for summary judgment at issue here.

### II.    Untimeliness of Defendants' Motion to Dismiss State Law Claims

In his PFRD, Judge Lynch highlighted several procedural errors committed by Defendants in violation of the Federal Rules of Civil Procedure. First, he observed that Defendants' motion to dismiss Cunningham's state law claims (Doc. 20), which Defendants submitted after filing their answer, was untimely under Rule 12(b). (Doc. 31 at 8-9.) Judge Lynch also noted Defendants' error in filing both this motion and a second motion to dismiss § 1983 claims in violation of Rule 12(g)(2). (*Id.* at 8.) Finally, Judge Lynch recognized that most of the claims challenged in Defendants' motion to dismiss state law claims were already targeted by Defendants' summary judgment motion. (*Id.* at 9.) To best resolve "the mess they ha[d] created," Judge Lynch recommended converting Defendants' motion to dismiss the § 1983 claims to a motion for judgment on the pleadings, considering their motion for summary judgment, and denying as untimely their motion to dismiss the state law claims. (*Id.* at 9-10.)

Defendants now object to Judge Lynch's recommendation to deny their motion to dismiss Cunningham's state law claims. (Doc. 32 at 3.) They assert that the state law claims in Cunningham's later-filed complaint (Doc. 1) are "materially different" from those filed in his earlier complaint (13-cv-0314 JP/WPL, Doc. 1 Ex. A). (Doc. 32 at 3.) They also argue that "untimeliness alone is not a valid basis for the Court to decline to consider [their] motion on the merits." (*Id.* at 4.) Although they acknowledge their procedural errors, they contend that Judge Lynch "should have converted [the] motion to a motion on the pleadings pursuant to [Rule] 12(c)" in the absence of prejudice to Cunningham. *Id.*

Having considered the matter de novo, the Court agrees with Judge Lynch that the denial of Defendants' motion to dismiss Cunningham's state law claims is the better course of action to take in this case. Although courts routinely convert untimely motions to dismiss to motions for judgment on the pleadings, Defendants' insistence that the Court is obliged to do so when the opposing party would not be prejudiced is not supported by caselaw. Rule 12(b) states that motions under that provision "must be made before pleading if a responsive pleading is allowed," and courts frequently apply this plain-language interpretation of the Rule to untimely motions to dismiss. *See, e.g.*, *Creighton v. City of Livingston*, 628 F. Supp. 2d 1199, 1205 n.1 (E.D. Cal. 2009); *Lewis v. Schafer*, 571 F. Supp. 2d 54, 57 (D.D.C. 2008). Here, where the procedural posture of the case has become especially muddled by Defendants' erroneous filings, the Court concludes that denying the motion to dismiss would be consistent with the Federal Rules of Civil Procedure and would be the most efficient way to eliminate the procedural imbroglio created by Defendants while resolving the bulk of their arguments.

Defendants take issue with Judge Lynch's determination that the issues addressed by their summary judgment motion and their motion to dismiss were largely the same. (Doc. 32 at 3.) Regardless, this factor is not dispositive to the Court's decision. As Judge Lynch observed, "Defendants' motion to dismiss Cunningham's state law claims should be [denied] as untimely in any event." (Doc. 31 at 10.)

The Court also notes that denial of Defendants' motion to dismiss the state law claims will not prevent Defendants from raising any relevant defenses during subsequent stages of litigation. Defendants do not object to Judge Lynch's recommendation that their motion to dismiss Cunningham's § 1983 claims be denied, and the Court adopts this recommendation. Assuming this case proceeds as prisoner § 1983 actions often do in the Tenth Circuit, Judge

Lynch will likely order Defendants to file a *Martinez* report, which the Court may use either on motion or *sua sponte* to determine whether summary judgment should be granted as to Cunningham's remaining claims. *See Hall v. Bellmon*, 935 F.2d 1106, 1109-13 (10th Cir. 1991); *Martinez v. Aaron*, 570 F.2d 317, 319-20 (10th Cir. 1978). If Defendants believe that their defenses to the remaining state law claims are still applicable, they may raise these defenses at that time, and the Court will consider Defendants' arguments in reviewing the *Martinez* report.

For the foregoing reasons, Defendants' second objection is overruled.

### III.   Remaining Claims

The Court notes that the following claims remain active against Defendants:

I)   racial profiling under § 1983 (Doc. 1 at 5);

II)   illegal search and seizure under § 1983 (*id.*);

III)   malicious prosecution / malicious abuse of process under § 1983 and state law (*id.* at 6-7);

IV)   false imprisonment under § 1983 (*id.* at 8); and

V)   conspiracy under § 1983 and state law (*id.*).

All other claims have been dismissed pursuant to the Court's May 1, 2013 Memorandum Opinion and Order (Doc. 14) and the instant Order.

#### CONCLUSION

IT IS THEREFORE ORDERED that:

1) the Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 31) are adopted by the Court;

2) Defendants' motion to dismiss Cunningham's § 1983 claims for racial profiling and illegal search and seizure (Doc. 23) is construed as a motion for judgment on the pleadings and is DENIED;

3) Defendants' motion to dismiss Cunningham's state law claims (Doc. 20) is DENIED; and

4) Defendants' motion for summary judgment as to Cunningham's state law claims of racial profiling, illegal search and seizure, denial of equal protection, false imprisonment, and false arrest (13-cv-0314 JP/WPL, Doc. 12-1 at 20-25) is GRANTED, and these claims will be dismissed with prejudice by the entry of a separate partial summary judgment.

_____
JAMES A. PARKER
UNITED STATES DISTRICT JUDGE