IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

THOMAS WAYNE CUNNINGHAM,

    Plaintiff,

v.                                                CV 13-0142 JAP/WPL

STATE OF NEW MEXICO,
SECOND JUDICIAL DISTRICT ATTORNEY
(SHANNON MURDOCK MILES),
THE CITY OF ALBUQUERQUE, NEW MEXICO,
ALBUQUERQUE POLICE OFFICER, PETER HACKETT,
DUFF RYAN, CHIEF RAY SCHULTZ,

    Defendants,

                                                    consolidated with

THOMAS WAYNE CUNNINGHAM,

    Plaintiff,

v.                                                CV 13-0314 JAP/WPL

STATE OF NEW MEXICO,
SECOND JUDICIAL DISTRICT ATTORNEY
(SHANNON MURDOCK MILES),
THE CITY OF ALBUQUERQUE, NEW MEXICO,
POLICE OFFICERS PETER HACKETT & DUFF RYAN,

    Defendants.

**ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND
RECOMMENDED DISPOSITION**

This matter is before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition ("PFRD") (Doc. 49), Thomas Wayne Cunningham's objections thereto (Doc. 50), and Defendants' response to those objections (Doc. 51). Having conducted a

de novo review, the Court finds the objections to be without merit for the reasons set forth below.

Cunningham first objects that the Magistrate Judge should have considered his claims in the order that he presented them, so that his racial profiling claim was considered first. (Doc. 50 at 2.) The Court overrules this objection as frivolous. The order in which the Court considers a set of claims is immaterial to the disposition of those claims.

Cunningham also points out that he has sworn under penalty of perjury that the license plate for the vehicle he was driving was "completely legible in the rear window" of the car. (*Id.* at 2.) However, the Magistrate Judge presumed this to be the case in analyzing the validity of Cunningham's traffic stop and arrest. The Court therefore overrules the objection as moot. To the extent that Cunningham purports to assert a legal conclusion by claiming that "there was nothing wrong with the tag," the Court disregards that statement. *Cf. Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)) ("[C]ourts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'").

Next, Cunningham asserts that Defendants' allegations are inconsistent or false, and he states that Defendants only provided evidence that was helpful to their version of events. (Doc. 50 at 2-3.) As to Defendants' allegations, the Court observes that the Magistrate Judge construed the facts in the light most favorable to Cunningham as required at summary judgment, even going so far as to expressly disregard any statements from Defendants that were inconsistent with Cunningham's narrative. Further, Cunningham does not identify any material evidence favorable to his claims that Defendants failed to submit to the Court. Although he points out that Defendants did not provide the transcript from his state court suppression hearing, he does not explain how this transcript would support his claims or refute Defendants' legal arguments.

Moreover, Cunningham did not raise this omission in his response brief, thereby waiving this argument. *See Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."). This objection is overruled.

Finally, Cunningham objects that the Magistrate Judge improperly considered whether his traffic stop was justified as a violation of the state statute dealing with license plate display, arguing that Defendants actually pulled him over on the (erroneous) belief that he had violated the terms of his probation. (*See* Doc. 50 at 3-4.) Cunningham notes that he has always pleaded, under penalty of perjury, that Defendants arrested him for a probation violation. (*See id.* at 4.)

Cunningham's final objection suffers from two fatal defects. First, for a party's sworn statements to be treated as an affidavit so as to create a genuine issue of material fact, such statements must be based on the party's personal knowledge. *See Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir. 1991) (citation omitted). Even if I were to liberally read Cunningham's pleadings to allege that Defendants not only arrested him for a probation violation, but also pulled him over for the same reason, Cunningham cannot show that he possessed personal knowledge of Defendants' motivation for the traffic stop.

Second, and more importantly, the Magistrate Judge correctly identified the appropriate standard for traffic stops, noting that such a seizure satisfies Fourth Amendment concerns if it is "justified by articulable reasonable suspicion that the person detained has committed or is about to commit *a* crime." *See United States v. De La Cruz*, 703 F.3d 1193, 1196 (10th Cir. 2013) (emphasis added). Even if Defendants believed, however mistakenly, that Cunningham had violated his probation, the Magistrate Judge determined that they also possessed a reasonable articulable suspicion that Cunningham had violated the state license plate display statute. As long

as this traffic violation was observed, Defendants' subjective intent in conducting the stop was immaterial. *See City of Indianapolis v. Edmond*, 531 U.S. 32, 45 (2000) (citing *Whren v. United States*, 517 U.S. 806, 810-813 (1996)) ("[A]n individual officer's subjective intentions are irrelevant to the Fourth Amendment validity of a traffic stop that is justified objectively by probable cause to believe that a traffic violation has occurred.") Because Defendants possessed reasonable suspicion sufficient to justify the traffic stop in question, *see De La Cruz*, 703 F.3d at 1196, the Magistrate Judge concluded that Cunningham had failed to show that Defendants violated his clearly established constitutional rights. *See Martinez v. Beggs*, 563 F.3d 1082, 1088 (10th Cir. 2009) (discussing the qualified immunity standard). Having fully considered the matter de novo, the Court agrees with the Magistrate Judge's analysis and conclusions. As such, the Court overrules Cunningham's objection on this question.

IT IS THEREFORE ORDERED that:

1) the Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 49) are adopted by the Court;

2) summary judgment is GRANTED in Defendants' favor as to all claims;

3) to the extent that Cunningham's response (Doc. 45) is intended to serve as a motion for summary judgment, that motion is DENIED; and

4) this cause is dismissed with prejudice.

*James A. Parker*
UNITED STATES DISTRICT JUDGE